**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 13, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ALFRED JEROILD WILSON,

    Defendant - Appellant.

No. 03-6063
(D.C. No. CIV-02-915-T)
(W.D. Okla.)

---

**ORDER**

---

Before **EBEL**, **MURPHY** and **McCONNELL**, Circuit Judges.

---

Defendant Alfred Jeroild Wilson was convicted by jury of one count of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846, and two counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). Wilson was sentenced to 262 months' imprisonment and five years' supervised release on each of the three counts, with terms to run concurrently. After Wilson's convictions and sentence were affirmed on direct appeal, see United States v. Wilson, 244 F.3d 1208, 1215 (10th Cir. 2001), Wilson filed this petition for habeas relief under 28 U.S.C. § 2255. The district court denied that petition, and this appeal followed.

In August 2004, this court liberally construed Wilson's *pro se* pleadings to allege a violation of Blakely v. Washington, 124 S.Ct. 2531 (2004). Wilson also asserted several claims of ineffective trial and appellate counsel and alleged prosecutorial misconduct. We granted Wilson a certificate of appealability ("COA") and placed Wilson's *pro se* appeal "on suspension to give the United States Supreme Court or our court an opportunity to clarify the application of Blakely to the United States Sentencing Guidelines."

Since the grant of COA, this court has determined that "Blakely does not apply retroactively to convictions that were already final at the time the Court decided Blakely, June 24, 2004." United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005). Wilson's conviction was final on June 29, 2001, prior to the Supreme Court deciding Blakely. See Wilson v. United States, 533 U.S. 962 (2001). Thus, Blakely does not apply retroactively to this case.

We have also carefully reviewed the record with regard to Wilson's multiple ineffective assistance and prosecutorial misconduct arguments on appeal and now determine that Wilson has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

As such, we see no basis for granting a COA in this case. Therefore, we withdraw the prior grant of COA as improvidently granted. We VACATE this

court's grant of COA and DISMISS this appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

3